IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HUGO STEWART,

    Petitioner,               No. CIV S-06-2359 DFL GGH P

    vs.

D.K. SISTO, Warden,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed October 25, 2006. Petitioner challenges his 2003 conviction for assault with a deadly weapon. Petitioner is serving a sentence of 17 years. Pending before the court is respondent's March 1, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the court recommends that the motion be granted.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion

1

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 4, 2003, petitioner was sentenced to 17 years. Respondent's Lodged Document No. 1. Petitioner did not appeal. Therefore, his conviction became final 60 days later on April 5, 2003. See former Cal. Rule of Court 31(a) (notice of appeal must be filed within 60 days after rendition of the judgment). Petitioner had one year from April 5, 2003, to file a timely federal petition, i.e. until April 5, 2004. The instant action, filed October 25, 2006, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Petitioner filed his first state habeas petition on July 18, 2006. Respondent's Lodged Document No. 2. Because this petition was filed after the limitations period ran, petitioner is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that application of for state post-conviction relief did not toll statute of limitations when filed after limitations period had expired).

In his opposition, petitioner appears to argue that he did not discover the grounds for the claim raised in the petition until the Superior Court denied his motion to correct his sentence on June 14, 2006. Petitioner seems to argue that even though the trial judge told him at

sentencing that he was being sentenced to 17 years, see Exhibit A attached to opposition, petitioner believed that he was being sentenced to 12 years pursuant to his plea agreement. Petitioner is apparently arguing that the limitations period should run from when he allegedly discovered that he was actually sentenced to 17 years pursuant to 28 U.S.C. § 2244(d)(1)(D).

Petitioner's argument that he did not discover the alleged sentencing error until 2006 is without merit. At his sentencing hearing, the trial judge clearly stated that he was sentencing petitioner to 17 years. Opposition, Exhibit A. Under these circumstances, a petitioner acting with due diligence would have known the grounds for the claim that he was incorrectly sentenced as of the date of that hearing.

Petitioner does not argue that he is entitled to equitable tolling. Accordingly, for the reasons discussed above, the court recommends that respondent's motion be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 1, 2007, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/17/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

stew2359.157