IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HUGO STEWART,

    Petitioner,                        No. CIV S-06-2359 RRB GGH P

    vs.

D.K. SISTO, Warden,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed October 25, 2006. Petitioner challenges his 2003 conviction for assault with a deadly weapon. Petitioner is serving a sentence of 17 years.

        On May 17, 2007, the court recommended that respondent's March 1, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations be granted. On May 31, 2007, petitioner filed objections to the findings and recommendations. Petitioner argued that he was entitled to equitable tolling because at the time he entered his plea in 2003 he had a third grade education. Petitioner stated that it took him from February 4, 2003, to July 2006 to get his reading comprehension to a level high enough to be able to file the instant action.

/////

On June 20, 2007, the court vacated the findings and recommendations and ordered respondent to file further briefing addressing petitioner's claim that he was entitled to equitable tolling based on his lack of education. The court ordered that petitioner could file a reply within twenty days thereafter. On August 8, 2007, respondent filed further briefing. Petitioner did not file a reply.

After carefully considering the record, the court recommends that the motion be granted.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 4, 2003, petitioner was sentenced to 17 years. Respondent's Lodged Document No. 1. Petitioner did not appeal. Therefore, his conviction became final 60 days later on April 5, 2003. See former Cal. Rule of Court 31(a) (notice of appeal must be filed within 60 days after rendition of the judgment). Petitioner had one year from April 5, 2003, to file a timely federal petition, i.e. until April 5, 2004. The instant action, filed October 25, 2006, is not timely unless petitioner is entitled to statutory or equitable tolling.

1  Section 2244(d)(2) provides that the time during which a properly filed
2  application for State post-conviction or other collateral review with respect to the pertinent
3  judgment or claim is pending shall not be counted toward any period of limitation.
4  Petitioner filed his first state habeas petition on July 18, 2006. Respondent's
5  Lodged Document No. 2. Because this petition was filed after the limitations period ran,
6  petitioner is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001)
7  (holding that application of for state post-conviction relief did not toll statute of limitations when
8  filed after limitations period had expired).
9  In his opposition to the motion to dismiss, petitioner appears to argue that he did
10 not discover the grounds for the claim raised in the petition until the Superior Court denied his
11 motion to correct his sentence on June 14, 2006. Petitioner seems to argue that even though the
12 trial judge told him at sentencing that he was being sentenced to 17 years, see Exhibit A attached
13 to opposition, petitioner believed that he was being sentenced to 12 years pursuant to his plea
14 agreement. Petitioner is apparently arguing that pursuant to 28 U.S.C. § 2244(d)(1)(D) the
15 limitations period should run from when he allegedly discovered that he was actually sentenced
16 to 17 years.
17 Petitioner's argument that he did not discover the alleged sentencing error until
18 2006 is without merit. At his sentencing hearing, petitioner's trial counsel stated that the
19 sentence was "an agreed upon 17 years." Opposition, Exhibit A. Tthe trial judge also clearly
20 stated that he was sentencing petitioner to 17 years. Id. Under these circumstances, a petitioner
21 acting with due diligence would have known the grounds for the claim that he was incorrectly
22 sentenced as of the date of that hearing.
23 As stated above, in his objections, petitioner argued that he was entitled to
24 equitable tolling based on his lack of education. Petitioner argued that at the time he pled guilty,
25 he had a "comprehension" level below the third grade level. Petitioner claims that not until July
26 2006 did he get his education level high enough so that he could file a habeas corpus petition

3

1   with the assistance of another inmate.

2         A habeas petitioner bears the burden of proving that equitable tolling should apply
3   to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
4   2002). Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's
5   control make it impossible to file a petition on time." Id.

6         The Ninth Circuit has held that claims of ignorance of the law and illiteracy are
7   insufficient to justify equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
8   2006); see also Hughes v. Idaho State Bd. Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(pro
9   se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish
10  cause). Accordingly, the court finds that petitioner's lack of education does not constitute an
11  extraordinary circumstance that made it impossible for him to file a timely petition. Petitioner is
12  not entitled to equitable tolling.

13        Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 1,
14  2007, motion to dismiss be granted.

15        These findings and recommendations are submitted to the United States District
16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
17  days after being served with these findings and recommendations, any party may file written
18  objections with the court and serve a copy on all parties. Such a document should be captioned
19  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
20  shall be served and filed within ten days after service of the objections. The parties are advised
21  that failure to file objections within the specified time may waive the right to appeal the District
22  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: 10/18/07

                /s/ Gregory G. Hollows

24                  UNITED STATES MAGISTRATE JUDGE

25  stew2359.fr

26