IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUGO STEWART,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>D.K. SISTO, Warden,<br><br>　　　　　　Respondent. | Case No. 2:06-cv-02359 JKS GGH P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks to challenge his 2003 conviction for assault with a deadly weapon. Respondent filed a motion to dismiss, alleging that Petitioner's application was untimely.  Docket No. 8.  Petitioner opposed the motion.  Docket No. 10.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.  On May 15, 2007, the magistrate judge entered findings and recommendations, recommending the motion to dismiss be granted.  Docket No. 13.  In his objections to the findings and recommendations, Petitioner argued he should have received equitable tolling on account of his lack of education. Docket No. 14.  The findings and recommendations were vacated and further briefing was taken on the issue of equitable tolling.  Docket Nos. 17 (Order); 18 (Gov't supp. brief).  Petitioner did not file a supplemental brief.

　　　　Now before the Court are the magistrate judge's findings and recommendations entered October 19, 2007.  Docket No. 21.  Again, the magistrate judge recommends the petition be dismissed as untimely.  *Id*.  Petitioner has filed objections essentially arguing that California law permits the correction of an unlawful sentence at any time.  Docket No. 22.  In accordance with the

1

provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of the portions of the findings and recommendations to which objection has been made. Having carefully reviewed the file, the Court agrees that Petitioner's application must be dismissed as untimely under 28 U.S.C. § 2244(d).

Petitioner does not contest the findings as to the untimeliness of his petition.[1] Rather, Petitioner argues that AEDPA's statute of limitation is irrelevant because an unlawful sentence can be corrected at any time under California law. Docket No. 22 at 2. Petitioner cites *People v. Jack*, 213 Cal. App. 3d 913 (Cal. Ct. App.1989). This case stands only for the proposition that a California court has the inherent power to correct a clerical error at any time. *Jack*, 213 Cal. App. 3d at 915. This has nothing to do with whether a federal court has jurisdiction over a habeas action brought by a state prisoner.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits prisoners in custody pursuant to a state court judgment to one year for filing a federal petition for habeas corpus. 28 U.S.C. § 2244(d)(1). AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. *See Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). As Stewart's petition was filed well after the one-year period had expired, the door to the federal courthouse is closed unless Petitioner can demonstrate grounds for equitable tolling. The Court agrees with the magistrate judge that Petitioner's lack of education does not constitute adequate grounds. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication inadequate); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause).

---

[1] Petitioner was sentenced on February 4, 2003, to 17 years imprisonment. As he did not appeal, his conviction became final 60 days later, giving him until April 5, 2004 to file a federal petition. *See* Cal. Rules of Court, Rule 8.308(a) (formerly Rule 31(a)) (notice of appeal must be filed within 60 days of judgment). Although Petitioner filed a state collateral action, he did not do so until 2006, after the limitation period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after expiration of AEDPA limitation period does not toll or restart the period). His federal petition filed October 25, 2006 was therefore untimely.

ORDER

2

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed October 19, 2007, are adopted in full;

2. Respondent's motion to dismiss at Docket No. 8 is GRANTED;

3. Petitioner's application for a writ of habeas corpus is DISMISSED;

4. The Court declines to issue a Certificate of Appealability;[2] and

5. The Clerk shall enter judgment accordingly.

Dated this the 4th day of August 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[2]Before Petitioner can appeal the judgment, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). When a petition has been denied "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In this case, no reasonable jurist could find that Stewart's motion was timely. The Court therefore declines to issue a COA.

ORDER